**FILED**

JUN 1 4 2004

LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CHOICE PHILLIPS, ) | C.A. No. 3 04 1870 10 |
| ) | |
| Plaintiff, ) | |
| -vs- ) | **COMPLAINT** |
| ) | Jury Trial Requested |
| ENERSYS, INC., and ) | |
| JACKSON LEWIS, LLP, ) | |
| ) | |
| Defendants. ) | |

### NATURE OF THE ACTION

1. This is a civil action against defendants for abuse of process, conspiracy, and violation of civil rights.

### JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1332.

### VENUE

3. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391. A substantial portion of the events giving rise to this action occurred in this judicial district.

### PARTIES

4. Plaintiff Choice Phillips is a citizen and resident of the State of Florida.

5. Defendant EnerSys, Inc. ("EnerSys" or "company") is a Delaware corporation licensed to do business in the State of South Carolina. Defendant EnerSys previously operated a battery manufacturing plant at 2315 Cains Mills Road, Sumter, South Carolina ("Sumter Plant").

6. Defendant Jackson Lewis, LLP ("Jackson Lewis") is a Limited Liability Partnership organized and existing under the laws of the State of New York and licensed to do business in the

State of South Carolina. Defendant Jackson Lewis has an office in Greenville, South Carolina.

## FACTS

7.     From approximately January 2000 until his termination in March 2000, plaintiff worked for defendant EnerSys (then known as Yuasa, Inc.) as its Human Resource Manager at the Sumter Plant.

8.     For the period of his employment, the hourly and production workers of defendant EnerSys were represented by a union as their exclusive collective bargaining representative.

9.     During the course of plaintiff's employment, the company unlawfully gave assistance and support an employee anti-union committee, which was seeking to have the union decertified.

10.     In May 2001, Mr. Phillips testified under oath at an arbitration hearing between the company and the union. At the hearing, Mr. Phillips testified that the company was providing support to the anti-union committee. This arbitration was a continuation of an earlier arbitration proceeding that was reviewed in this Court, and the arbitration in which plaintiff testified was likewise reviewed in this Court.

11.     On or about June 12, 2001, defendants filed a Summons and Complaint against plaintiff in this Court (*EnerSys, Inc. v. Phillips*, Civil Action No. 3:01-2582-10). Among other things, defendants claimed that plaintiff had knowingly and willingly given false testimony at the arbitration hearing about the assistance to the anti-union committee, and thus had defamed the company and had committed conspiracy to harm the company.

12.     The defendants sought and received a default judgment against the plaintiff, including monetary damages. The default judgment was entered by this Court on September 30,

2003.

13. At all times, defendant EnerSys and defendant Jackson Lewis had actual and constructive knowledge that the company had provided support and assistance to the anti-union committee, and that the plaintiff's testimony at the arbitration hearing was truthful.

14. On information and belief, in filing the sham lawsuit against the plaintiff and seeking a default judgment, defendants made false accusations against the plaintiff and misrepresented matters to this Court in an effort to punish the plaintiff, to silence his truthful testimony, and to prevent and coerce him from testifying in a lawsuit pending in this Court (*IUE-CWA v. EnerSys, Inc.*, C.A. No. 3:01-4766-10).

15. Defendants have since admitted that the company in fact provided unlawful support and assistance to the anti-union committee.

16. In some or all of the acts described above, defendant Jackson Lewis was counsel for defendant EnerSys. On information and belief, some of the acts of defendant Jackson Lewis were within the scope of its representation and authority to act as counsel, and other acts were not within the scope of its representation and authority as counsel.

17. By the acts and omissions of defendant, plaintiff suffered psychological and other injuries.

## FOR A FIRST CAUSE OF ACTION
(42 U.S.C. § 1985)

18. Paragraphs 1 - 17 are repeated here.

19. By their acts and omissions, defendants have violated 42 U.S.C. § 1985(2).

## FOR A SECOND CAUSE OF ACTION
(Abuse of Process)

20.     Paragraphs 1 - 19 are repeated here.

21.     By their acts and omissions, defendants have committed the tort of abuse of process by suing the plaintiff for an improper purpose and in bad faith and by knowingly making false allegations against him in the litigation.

## FOR A THIRD CAUSE OF ACTION
(Conspiracy)

22.     Paragraphs 1 - 21 are repeated here.

23.     By their acts and omissions, defendants have committed the tort of civil conspiracy by combining with each other and perhaps with others for the purpose of injuring the plaintiff.

24.     As a result, plaintiff has suffered special damages.

## RELIEF

25.     WHEREFORE, plaintiff seeks the following relief:

    a.     Actual and compensatory damages;

    b.     Punitive damages;

    c.     Costs and attorneys' fees; and

    d.     Such other and further relief as the Court deems just and necessary.

[signature on following age]

SHAHID LAW OFFICE, LLC

By: _____
A. Peter Shahid, Jr., ID No. ~~5286~~ 3791
Post Office Box 591
Charleston, SC 29402
843-853-4500
Counsel for Plaintiff

June 12, 2004
Charleston, SC

## JURY DEMAND

Plaintiff demands trial by jury.

_____